# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Duane Jensen,

        Plaintiff

v.

Las Vegas Metropolitan Police Department, et al.,

        Defendants

Case No.: 2:17-cv-1219-JAD-VCF

**Order Granting Motion to Supplement, Directing Response to Supplement, and Denying Request for Stay**

[ECF Nos. 20, 26]

    Duane Jensen brings this action against his employer the Las Vegas Metropolitan Police Department (Metro) and two Metro employees, alleging that his 32-hour suspension for alleged violations of Metro procedure violated his due-process rights.[1] The defendants move for summary judgment and have asked to supplement their moving papers with the results of another lawsuit that Jensen filed against Metro and other officers in which he alleged that a 40-hour suspension violated his First Amendment rights—the jury returned a defense verdict.[2] Because Jensen has appealed that verdict, he opposes the request to supplement and asks the court to stay this case pending that appeal.[3]

    Because Jensen has put his 40-hour suspension at issue in this case,[4] I find good cause to grant the defendants' motion to supplement.[5] I will afford Jensen a reasonable opportunity to respond to it. No further briefing on the summary-judgment issues will be entertained.

---

[1] ECF No. 1.

[2] ECF No. 20 (motion to supplement).

[3] ECF Nos. 21 (opposition), 26 (request to stay).

[4] *See* ECF No. 15 at 4-5.

[5] ECF No. 20.

However, I deny Jensen's request to stay this case pending his appeal in the 40-hour suspension case.[6] When a litigant moves the court for relief, he must provide the court with a memorandum of points and authorities in support of that request.[7] Those points must explain to the court why the requested relief is justified by the facts and circumstances in the case; the authorities are case law, statutes, etc., that demonstrate to the court that the law supports the request. This District's Local Rule 7-2(d) states that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."[8] Jensen's stay request consists of the single sentence: "Plaintiff respectfully requests all action in this matter be STAYED pending the final results in the other case, which affects this case."[9] He did not offer points or authorities in support of this single-sentence request. I deny this request under LR 7-2(d) and because Jensen's failure to develop this argument with points and authorities has left me without enough information to determine that a stay is warranted in this case.

Finally, I note that Jensen's reply in support of his motion to stay also contained a response to the defendants' reply in support of their motion to supplement.[10] Responses to replies are not permitted by the rules of this court. The rules authorize only a motion, response, and reply; further briefing requires leave of court.[11] Accordingly, to the extent that Jensen filed a response to the defendants' reply brief, that response[12] is stricken because it was filed in violation of the rules of this court.

---

[6] ECF No. 26.

[7] *See* Local Rule 7-2(a) ("All motions . . . must be supported by a memorandum of points and authorities.").

[8] L.R. 7-2(d).

[9] ECF No. 21.

[10] ECF No. 23.

[11] See L.R. 7-2(b).

[12] ECF No. 23.

Accordingly, IT IS HEREBY ORDERED THAT Defendants' Motion for Leave to Supplement **[ECF No. 20] is GRANTED.** Defendants have until May 16, 2018, to file their proposed supplemental brief and serve it on Jensen. Jensen has until June 4, 2018, to file a response to that supplemental brief of five pages or less;

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay **[ECF No. 26] is DENIED**;

IT IS FURTHER ORDERED that **the Clerk of Court is directed to STRIKE [ECF No. 23]** Plaintiff's Response to Defendants' Reply as an unauthorized document.

Dated: May 11, 2018

_____
U.S. District Judge Jennifer A. Dorsey